**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ARCHIE MAULDIN,
Individually and others, SIMILARLY
SITUATED,

         Plaintiffs,

vs.

C&C TIRES LLC, D/B/A
HILL BROTHERS TIRES
and BRIAN CARTER,
an individual,

         Defendants.
_____/

Case No.:

**CLASS REPRESENTATION**

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff, Archie Mauldin individually and on behalf of others similarly situated, sues Defendants, C & C Tires LLC d/b/a Hill Brothers Tires and Brian Carter (collectively, "Defendant" or "Employer") and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA") and 28 U.S.C. §1337.

2. Plaintiff worked as a mechanic for the named Defendants. Each reside in Volusia County, Florida. The named Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. Defendant, C&C Tires LLC is a Florida limited liability company which operates a closely held private paving business in Volusia County, Florida.

4. Defendant Brian Carter is, on information and belief, a resident of Volusia County and at all times relevant to the claims made in this action made final decisions regarding the Plaintiff's hours, wages and terms and conditions of employment.

5. Defendants are an "employer" within the meaning of the FLSA 29 U.S.C. §203(a).

6. Plaintiff was at all relevant times a non-exempt employee.

7. At all relevant times, Defendant C &C Tires LLC was an "enterprise" and had employees, including the Plaintiff, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and had at least $500,000 of annual gross volume of sales made or business done. 29 U.S.C. § 203(s)(1)(A).

8. At all relevant times, Plaintiff as an employee of Employer performed services in the State of Florida using vehicles, fuel, spare parts, protective clothing, inventory and equipment which were produced or moved in interstate commerce.

9. On information and belief, Employer utilized interstate or national payroll companies for processing and payment of employees' wages and interstate factoring or payable services for intra-state customers.

10. By reason of the foregoing, Employer is and was at all relevant times an "enterprise" and subject to the jurisdiction of the FLSA.29 U.S.C. § 203(s)(1)(A).

## CLASS ALLEGATIONS

11. The named Plaintiff is similarly situated to an unknown number of other employees who have or are currently working for the Employer and have worked for the Employer during any part of the past three years.

12. The named Plaintiff and those similarly situated worked under a plan or scheme whereby they were paid a set amount each day or a set amount each week in purported "salary" but where non-exempt within the meaning of the FLSA.

13. On a weekly basis, the Employer would permit each employee to receive a lump sum in cash for a 40-hour work week based on either a daily or weekly rate.

14. This weekly pay period, which shall be referred to as the Pay Period, contemplated a 40-hour workweek, however, the Employer suffered the Plaintiff and those similarly situated to work in excess of 40 hours during some or all of the relevant Pay Periods.

15. During those weeks in which Plaintiff and those similarly situated worked in excess of 40 hours, Employer failed to pay overtime wages.

16. The named Plaintiff and those similarly situated were routinely scheduled to work, and did work, and regularly clocked well in excess of forty hours per work week. Accordingly, during each weekly Pay Period, the Employer failed to pay Plaintiff and those similarly situated overtime at the rate of one and one-half times their regular hourly wage.

## ATTORNEY'S FEES

17. Plaintiff has engaged the services of the undersigned attorney and has agreed to pay a reasonable attorney's fees for his services.

## ENTITLEMENT TO ATTORNEY'S FEES

18. Plaintiff and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and other related authority.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

(Failure to Pay Overtime)

19. At all times during his employment, the Plaintiff and those similarly situated, were employees required to be paid overtime equal to one- and one-half times their regular hourly rate for every hour worked over 40 in the workweek for the Employer.

20. For the entire three-year period preceding the filing of this lawsuit, ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §207(a) and §215(a)(2) by failing to pay the Plaintiffs and other similarly situated employees' overtime during numerous applicable pay periods.

21. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime and remains owing the named Plaintiff and other similarly situated employees overtime for every hour worked during the three-year period preceding this lawsuit for which they were not paid overtime wages. On information and belief, Defendant failed to post any Notice regarding Wages as required by the Fair Labor Standards Act and Federal Law to inform employees of their Federal rights to overtime and failed to maintain records of hours and wages as required by 29 CFR Part 516. Accordingly, Plaintiff and those similarly situated are entitled to recover double or liquidated damages.

22. At all relevant times, defendant Brian Carter was and is the manager owner, President or Director of C & C Tires LLC. Carter was an employer of Plaintiff and others similarly situated within the meaning of 29 U.S.C. §203(d) in that this individual defendant acted directly in the interests of C & C Tires in relation to the employees of C & C Tires LLC, including Plaintiff and other similarly situated. Defendant Carter had at all relevant times

operational control of the business, provided Plaintiff with their job duties, schedules, and wage rates and is thus is jointly liable for Plaintiff's damages.

## JURY DEMAND

23. Plaintiff, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff, and others similarly situated demand the following: payment of the highest applicable overtime wage for every hour worked by them and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and any and all such other relief which this Court may deem reasonable under the circumstances. Additionally, if Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

January 6, 2020

**Law Office of Constantine W. Papas, P.A.**

/s/ *Constantine W. Papas*
Constantine W. Papas, Lead Counsel
Fla. Bar No.: 0089974
1277 N. Semoran Blvd. Ste 106
Orlando, FL 32807
Tel: (407) 347-6502
Fax: (407) 206-3655
E-mail: cwp@deanpapaslaw.com